Isaac Scarritt *et al.*, Plaintiffs in Error, *v.* Samuel Carruthers *et al.*, Defendants in Error.

ERROR TO MORGAN.

Although on the proofs, the Supreme Court would have been better satisfied with a different verdict, it will not, as a general rule, reverse for that reason.

This was an action in assumpsit, on a note. The defendants pleaded non-assumpsit, and on a trial the verdict was for them. The plaintiffs below bring the case here.

D. A. and T. W. Smith, for Plaintiffs in Error. .

Morrison & Epler, for Defendants in Error.

Caton, C. J. In the rulings of the court upon the trial, we find no error. The letter from Ross to the plaintiff, applying for a loan of money, a short time before the note bears date, does not tend to prove that the signatures of the Carruthers were genuine, nor would the account, offered in evidence, of goods furnished to Ross by the plaintiff. The question was not whether Ross was indebted to plaintiff, at the date of the note. The defendants had come prepared to defend no such issue. The question was, whether the defendants had executed the note, and the court very properly confined the evidence to that issue.

The main question in the case, and the one upon which the counsel for the plaintiff in error principally relies, is, that from the evidence the verdict should have been for the plaintiff. Upon this point, we have carefully examined the record. The testimony was conflicting, and may be stated in few words. For the plaintiff, Lamb, Munson, McCoy and Ross testify with more or less clearness, that they are acquainted with the hand-writing of the defendants, and believe their signatures to the note genuine, and speak generally with more confidence as to one than the other. Rice, a witness called for the plaintiff, was acquainted with the handwriting of the defendants, but could not state whether the signatures were genuine, or not.

The defendants produced two witnesses, Turner and Turney, who testified that they are acquainted with the handwriting of the defendants, and they express the opinion that the signatures to the note are not in their handwriting. Upon this evidence, the jury found a verdict for the defendants, which the court below approved, by refusing to set it aside. By the poll, the plaintiff's evidence preponderates. But that would be a very unsafe guide to control our decision, especially in a case like this. The record shows many circumstances in the course of the examination of these witnesses, which it would be too tedious here to mention, tending to weaken or strengthen the confidence of the jury in the opinions which they expressed, and we all know that there are a thousand circumstances occurring upon the trial, but which it is impossible to introduce into the record, which do and should have great weight with the court and jury before whom the trial is had. These are necessarily shut out from us, yet the fact we cannot ignore, when determining whether we will set aside a verdict, or not. Had we actually heard the trial, as the court and jury did, that which is now obscure and doubtful, might appear as clear to us as it seems to have done to them. As it is, we confess we should have been better satisfied with a verdict the other way, and yet we are by no means clear that these defendants ever signed this note, and we do not feel authorized to disturb the verdict.

The judgment must be affirmed.

*Judgment affirmed.*